IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALICE KOZLOWSKI and RENEE WALKER, individually and on behalf of a class, | )<br>)<br>) |
| Plaintiffs, | ) Civil Action No.: 05 C 5593<br>)<br>) Suzanne B. Conlon, Judge |
| v. | )<br>) |
| MICHAEL SHEAHAN, Sheriff of Cook County in his official capacity, and COOK COUNTY | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Alice Kozlowski and Renee Walker, two former pretrial detainees at the Cook County Department of Corrections ("the county jail"), brings a putative class action against Cook County and its sheriff, Michael Sheahan, in his official capacity, pursuant to 42 U.S.C. § 1983. Defendants jointly move to dismiss. For the reasons set forth below, the motion is granted.

## BACKGROUND

The following facts are derived from the amended complaint. This case arises from the pretrial detention of Kozlowski and Walker in Division III of the county jail. They were held for several months in 2002; Kozlowski was released on July 24, 2002, and Walker, on September 19, 2002. Am. Compl. at ¶ 3. They were assigned to Division III because it was designated to house inmates who needed medical treatment; Kozlowski received treatment for drug addiction, and Walker, for asthma. Id. at ¶ 7.

Division III, which occupied three floors, was divided into six tiers. *Id.* at ¶ 8. An interlocking area separated each floor into two tiers. *Id.* This area served as the only passageway to the tiers and a monitoring station for guards. *Id.* Inside each tier were cells, a common holding area, and shower stalls. *Id.* at ¶ 9. Each cell housed two inmates. *Id.* at ¶ 10. Secured by a steel door with a small opening, each cell had two bunk beds, a toilet, and a sink. *Id.* The common holding area, known as "the day room," had pay phones and a television. *Id.* at ¶ 9. If allowed in the day room, inmates could socialize with each other, use the pay phones, and shower. *Id.* From the monitoring station, guards could observe the day room, but not the cells. *Id.* at ¶¶ 9-10. The monitoring station was supposed to be staffed by guards. *Id.* at ¶ 8. As a result, it was impossible for inmates to pass weapons or contraband from one tier to another. *Id.*

The lockdowns, which usually lasted from Friday afternoon to Sunday afternoon, were conducted to seize weapons and contraband from inmates. *Id.* at ¶ 11. Between March 11, 2001 and March 11, 2003 ("the class period"), lockdowns took place at least once a month. *Id.* at ¶¶ 2(c), 11. During each lockdown, teams of guards searched the tiers for weapons and contraband. *Id.* at ¶ 11. The searches of each tier took less than 40 minutes. *Id.* Because inmates could not pass weapons or contraband between the tiers without going through the monitoring stations, inmates would not burden the search effort by using the day room and shower stalls after their tiers were searched. *Id.* at ¶ 8. But inmates were confined in their cells during the entire lockdown. *Id.* at ¶ 11. As a result, they could not exercise, shower, use the pay phones, or watch television. *Id.* at ¶ 12.

While they do not allege denial of food, medical care, or protection during the lockdowns, Kozlowski and Walker claim the lockdowns violated the Fourteenth Amendment by subjecting them to protracted detention in their cells. They seek to represent all female pretrial detainees held in

Divisions III and IV during the class period. Defendants move to dismiss on two grounds: (1) this case is time-barred; and (2) plaintiffs fail to state a claim.

## DISCUSSION

### I. Motion to Dismiss Standard

"A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, and dismissal of an action under the rule is warranted only if 'no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Cler v. Ill. Educ. Ass'n*, 423 F.3d 726, 729 (7th Cir. 2005) (quoting *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000)). In ruling on a motion to dismiss, the court must accept the well-pleaded allegations as true and draw all reasonable inferences in favor of the nonmoving party. *Cler*, 423 F.3d at 729. To survive a motion to dismiss, a complaint "need not plead particular legal theories or particular facts." *DeWalt*, 224 F.3d at 612. All that is required is "a short and plain statement . . . that will give the defendant fair notice" of the nature and basis of the claim. *Id.* But a complaint must be dismissed if it "reveals that the plaintiff's claim is barred by a statute of limitations." *Tregenza v. Great Am. Commc'ns Co.*, 12 F.3d 717, 719 (7th Cir. 1993).

### II. Statute of Limitations

Plaintiffs' § 1983 claim is subject to Illinois' two-year limitations period for personal injury actions. *Mitchell v. Donchin*, 286 F.3d 447, 450 (7th Cir. 2002). Defendants argue the limitations period has run: Plaintiffs were released before September 19, 2002, but did not file this case until September 28, 2005 – more than three years after suffering the alleged injuries. In response,

3

plaintiffs argue the limitations period is tolled by the timely commencement of *Hart v. Sheahan*, 03 C 1768 (N.D. Ill.), another putative class action filed by pretrial detainees.

### A. *Hart v. Sheahan*

Genise Hart and five other pretrial detainees filed a putative class action against Sheriff Sheahan and Cook County on March 11, 2003. Defs. Exs. C (docket printout), F (second amended complaint). Hart claimed protracted detention identical to Kozlowski and Walker's allegations: "[D]uring the weekend lock down, the detainee is neither released from her cell nor permitted to shower, exercise or have access to a phone to communicate with their [*sic*] lawyer or family." Defs. Ex. F at ¶ 20. In addition, Hart alleged that because they were confined in their cells during the lockdowns, inmates could not communicate with guards if they needed protection against cellmates or medical attention. *See, e.g., id.* at ¶¶ 19, 39-41, 52(D)-(E).

Judge Zagel initially dismissed Hart's second amended complaint. *Hart*, Dkt. No. 35 (Dec. 18, 2003). On appeal, the Seventh Circuit held that Hart sufficiently stated a claim based on the alleged lack of access to medical attention and guard protection:

> [T]he heart of the plaintiffs' claim, with enough merit to withstand a motion to dismiss, is that the jail is subjecting them *to a risk of serious harm by an unreasonably protracted detention of them out of sight and hearing of guards*.

*Hart v. Sheahan*, 396 F.3d 887, 894 (7th Cir. 2005) (emphasis added). The Seventh Circuit instructed that on remand, Judge Zagel should "prun[e] the overlong complaint of untenable charges." *Id.* One of the untenable charges was Hart's claim based on protracted detention alone. Had the Seventh Circuit intended to allow the protracted detention claim to go forward, its holding would not have included the restricting language about the inmates' being "out of sight and hearing

4

of guards." *Id.* Accordingly, Judge Zagel dismissed the protracted detention claim on remand. *Hart*, Dkt. No. 100, at *1 (Oct. 25, 2005) (striking two allegations from Hart's fourth amended complaint (Defs. Ex. B at ¶¶ 9(d)(iv)-(v)) "because they seem relevant only to a theory that an unreasonably prolonged detention (even without risk of serious harm) is unconstitutional").

Kozlowski and Walker acknowledge they are putative class members in *Hart* and that Judge Zagel has not ruled on class certification. Pls. Mem. at 8. By filing the present case, they attempt to revive the protracted detention claim dismissed in *Hart*. *See id.* Whether *Hart* provides a basis for tolling the limitations period depends on whether the tolling doctrine applies to their claims.

### B. Applicability of the Tolling Doctrine

First established in *American Pipe & Construction Co. v. Utah*, the tolling doctrine provides that if a class action is timely filed, the limitations period stops running for all putative class members. 414 U.S. 538, 554 (1974). This doctrine serves to avoid multiplication of intervention motions by putative class members before class certification is decided. *See id.* at 551. The doctrine protects "the principal purposes of the class action procedure – promotion of efficiency and economy of litigation." *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 349 (1983). To achieve this purpose, the doctrine should not be applied to a putative class member who multiplies proceedings by filing a new action while class certification is pending.

A clear majority of federal courts has followed this approach. In *Glater v. Eli Lilly & Co.*, the First Circuit refused to toll the limitations period for a plaintiff who filed her individual suit while class certification was pending. 712 F.2d 735, 739 (1st Cir. 1983). The First Circuit reasoned that judicial economy "would not be served, and in fact would be disserved, by guaranteeing a

separate suit at the same time that a class action [was] ongoing." *Id.* Applying the same rationale in *Wyser-Pratte Management Co. v. Telxon Corp.*, the Sixth Circuit held that putative class members forfeited the benefit of the tolling doctrine if they filed individual actions during the pendency of class certification. 413 F.3d 553, 569 (6th Cir. 2005). The weight of authorities militates against applying the tolling doctrine to the present case because class certification in *Hart* is pending.[1]

Arguing the contrary, plaintiffs rely on *Yang v. Odom*, 392 F.3d 97 (3d Cir. 2004), and *Catholic Social Services, Inc. v. Immigration and Naturalization Service*, 232 F.3d 1139 (9th Cir. 2000) (*en banc*). *Yang* and *Catholic* are distinguishable because class certification in both cases had been decided. *Yang* applied the tolling doctrine to plaintiffs after class certification in a previous action was denied. *Yang*, 392 F.3d at 112. Similarly, *Catholic* dealt with a situation where individual plaintiffs from a previously-dismissed class action sought to file a new class action. *Catholic*, 232 F.3d at 1147 ("[s]trickly speaking, this is not a statute of limitations question at all"). Neither case sheds any light on the situation here because class certification in *Hart* is still pending. Thus, plaintiffs' argument on the applicability of the tolling doctrine must fail.

Plaintiffs advance an alternative argument that Judge Zagel's dismissal of Hart's protracted detention claim constitutes denial of class certification. Because plaintiffs assert only the protracted

---

[1] *See, e.g., In re WorldCom, Inc. Sec. Litig.*, 294 F. Supp. 2d 431, 452 (S.D.N.Y. 2003); *In re Ciprofloxacin Hydrochloride Antitrust Litig.*, 261 F. Supp. 2d 188, 221 (E.D.N.Y. 2003); *Chinn v. Giant Food, Inc.*, 100 F. Supp. 2d 331, 335 (D. Md. 2000); *Rahr v. Grant Thornton LLP*, 142 F. Supp. 2d 793, 800 (N.D. Tex. 2000); *In re Brand Name Prescription Drugs Antitrust Litig.*, Nos. 94C897, MDL997, 1998 WL 474146, at *8 (N.D. Ill. Aug. 6, 1998); *Stutz v. Minn. Mining & Mfg. Co.*, 947 F. Supp. 399, 404 (S.D. Ind. 1996); *Chemco, Inc. v. Stone, McGuire & Benjamin*, No. 91 C 5041, 1992 WL 188417, at *2 (N.D. Ill. July 29, 1992); *Pulley v. Burlington N., Inc.*, 568 F. Supp. 1177, 1179-80 (D. Minn. 1983); *Wachovia Bank & Trust Co. v. Nat'l Student Mktg. Corp.*, 461 F. Supp. 999, 1012 (D.D.C. 1978); *but see Rochford v. Joyce*, 755 F. Supp. 1423, 1428 (N.D. Ill. 1990) (limitations period tolled for individual plaintiffs because defendants could move to consolidate putative class actions).

detention claim, they conclude tolling is applicable. This argument not only lacks a legal basis, but also incorrectly assumes their case may proceed under the protracted detention theory.

As discussed above, *Hart* forecloses claims based on protracted detention alone. Plaintiffs point to one sentence in *Hart*: "[U]nless inmates can go between tiers, once a tier has been searched there is no apparent reason why the inmates in that tier can't be let out of their cells." Pls. Memo. at 3 (quoting *Hart*, 396 F.3d at 893). This sentence, they assert, subjects their protracted detention to constitutional scrutiny. Pls. Mem. at 3. But the quoted sentence must be read in the context: "*These consequences* [resulting from the lack of access to medical care and guard protection] might ... condemn the administration of the jail if there ... [exists an]other way to conduct the lockdown." *Hart*, 396 F.3d at 893 (emphasis added). The sentence quoted by plaintiffs addresses only the claims based on lack of access to guards, and does not validate claims based on protracted detention alone. Plaintiffs' argument has no merit.

Under *Hart*, plaintiffs may not sue for protracted detention. *Id.* at 894. The court need not address the parties' arguments based on other issues. The present case may proceed, if at all, only under the theory that defendants subjected the inmates "to a risk of serious harm by an unreasonably protracted detention of them out of sight and hearing of the guards." *Id.* The present case parallels *Hart*; the tolling doctrine does not apply when class certification in *Hart* is pending. Because the two-year limitations period has expired, the present case must be dismissed.

## CONCLUSION

For the reasons set forth above, the motion to dismiss is granted.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

December 12, 2005